Battle, J".
 

 The plaintiff admits that the
 
 locus in quo
 
 the trespass was alleged to have been committed, is not included within the metes and bounds of the land described in the deed under which he claims, but he insists that it is embraced in the terms used by the grantor of “all my mill on the said Kirby’s creek to be attached to the above-mentioned tract or parcel of land.”
 

 The land is described as lying on the south side of the said creek, and to make his claim good to that part of the mill-dam which is on the north side of it, the plaintiff ought to have shown that his grantor owned the land on that side of it also ; which he has not done. But as the question has been discussed here by the counsel of both parties, as if the maker of the deed in question, owned the land on both sides of the creek, and had the right to grant the whole dam, we will decide it upon that view. In passing, we will remark, that the particular description of the line running from the mill-house “ along the middle of the mill-pond,” &c., necessarily excludes the plaintiff from setting up a title to more than a mere
 
 eascr ment
 
 in one half of the pond, which seems to be conceded by his counsel. The argument in favor of the plaintiff’s title to that portion of the dam which lies on the north side of the creek, is founded on the supposition that it is an essential part of the mill—necessary to its very existence, and, therefore,
 
 *173
 
 must pass with it, as an' incident in the grant of the mill. This proposition is stated as one strong enough to stand unsupported by adventitious aid ; but if it needed support from authority, it is contended, that such support may be found, both in adjudicated cases, and in elementary treatises of the highest character. To a certain extent we admit the proposition, and do not question the authorities cited for it. A dam is necessary to the plaintiff’s mill, and to the benefit of a dam he is entitled under his deed. .But here another question arises; is the ownership of the
 
 soil of
 
 the dam essential to the existence of the mill as such? Is not a mere easement in the dam entirely sufficient for any and every jrarpose which the plaintiff can have in view with regard to the use of his mill ? The question whether an interest in the soil or an easement passed, is one of intention, arising on the construction of the deed, and as such, we do not hesitate to declare our ojfinion to be, that the grantor never intended to convey to the person under whom the plaintiff claims, any part of his soil lying on the north side of Kirby’s creek. Of this we think every unprejudiced mind must be satisfied from a bare perusal of the deed. A right to keep up the dam, as necessary to the use of his mill, passed to the grantee
 
 ex
 
 necessitate, jupt as a right of way will pass to a grantee of land surrounded by the lands of the grantor. 2 Black. Com. 36. In neither case is any thing more than an easement necessary, and, therefore, the law will not transfer any thing more, independently of the expressed will of the' grantor.
 

 Let us see to what results the construction contended for by the plaintiff woirld load. If he became, by the grant, the owner of the soil in the dam, then he would continue to own it though he might abandon the mill and let it go dowm for ever. It can hardly be supposed that the grantor intended, in such case, to have a little strip of land fifteen feet wide and forty yards long, owmed by another, running into his. Suppose a rich gold mine were found underlying the dam, would it belong to the grantee of the mill ? The grantor would be reluctant to agree to that, and wmuld insist very strenuously that
 
 *174
 
 if he could work it without interfering with the plaintiff’s enjoyment of his mill, he ought to be allowed to do so, and in our opinion his claim would be hard to resist. These considerations have satisfied us that the plaintiff has" but an easement in the dam as well as in the pond.
 

 But supposing that he has no more, his counsel still contends that his action of trespass
 
 qua/re clausum f regib
 
 may be maintained. As an easement is an incorporeal right, it cannot be denied that trespass on the case is the action most appropriate for an injury to it. 1 Chit. pi. 144, 3 Kent’s com.
 
 418.
 
 If, under any circumstances, trespass for an injury to an incorporeal right may be brought, it may be safely said that none such appear in this case.
 

 The judgment of non-suit must be affirmed.
 

 Per .Curiam.
 

 Judgment affirmed.